## 16634. LACY v. CITY OF ATLANTA.

The evidence authorized a finding that a Confederate soldier's license granted to another person was used by the defendant to avoid payment of a license tax; and the judge of the superior court did not err in overruling the certiorari from the judgment of the recorder finding the defendant guilty.

DECIDED OCTOBER 6, 1925.

Petition for certiorari; from Fulton superior court—Judge Thomas.   June 10, 1925.

*W. C. Kemp, R. R. Jackson,* for plaintiff in error.

*J. L. Mayson, J. M. Wood,* contra.

BLOODWORTH, J.   In the brief of counsel for the defendant in error is the following: "Section 1888 of the Civil Code of Georgia (1910), which authorizes the issuance of disabled soldiers' licenses, distinctly provides that such license, when granted, shall not be transferred to or used by any other person.   The contention of the city is, that Lacy (the defendant) was running this business himself, deriving the profit from it, and was merely attempting to use a soldier's license, granted to Glenn, as a shield to protect him from paying a license tax to the City of Atlanta and the State of Georgia.   The fact that Lacy had been running the business prior to the time that he alleges an interest was sold to Glenn, the fact that Lacy continued to operate the business after it was sold to Glenn, the fact that Lacy gets the largest share of the profits in the form of a salary, connected with the further fact that Glenn, himself, is an inmate of the Fulton county alms-house, was sufficient to authorize the recorder of the City of Atlanta to conclude that the business was owned by Lacy and not by Glenn, and that Lacy was using Glenn's Confederate soldier's license in an effort to procure exemption from payment of the tax.   These were all questions of fact.   The recorder found Lacy guilty, the judge of the superior court refused to sanction the certiorari, and we respectfully contend that the recorder of the City of Atlanta and the judge of the superior court were right, and that the action of the judge of the superior court in refusing to sanction the certiorari should be sustained."

The foregoing fully, clearly, and accurately expresses our views, and is adopted as the opinion of this court.

*Judgment affirmed.   Broyles, C. J., and Luke, J., concur.*